J. E. TAYLOR'S ADMR. *v.* L. BERRY ET AL.

**Waiver of Right to Redeem Land—Estoppel—Laches.**

   A defendant, who, by cross petition is permitted to have a judgment entered by agreement, cannot be subsequently heard to controvert the right of others, coming into possession of the property, by reason of his failure to perform said judgment.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

December 3, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

In the action of Persons vs. Bobbitt, after a judgment had been rendered for the amount of purchase money owing by said Bobbitt and Persons, and a sale of the land to pay the same, and R. H. Persons had purchased, Taylor by his answer, made a cross petition in that case averred that he was willing to pay off the demand of Persons on the land, and asked leave of the court to do so, and professed in his answer to offer to do so. The Berrys answer that cross petition, in which they say if Taylor will pay the purchase money due to Persons they are willing that the deed to the land may be made to him, and a credit therefor shall be entered on the notes N. G. Berry, as assignee, held on him for the purchase money which he, Taylor, owed. On the filing of these pleadings a judgment was entered by the consent of all the parties, which provides if Taylor or any one for him shall on or before the first day of August next thereafter, (that judgment was entered 27th February, 1863) pay to the commissioner who made the sale, or to the plaintiff, R. H. Persons, the purchase money for which said land was sold with interest from the day of sale—in that event the commissioner was to convey the land to him instead of to Persons, the purchaser, and the Berrys were to credit his notes for the purchase money which he owed, and they held, by the amount thus paid.

If he failed to perform that judgment made with his consent and by his agreemnt he has no right to controvert longer the claim

of Berry, his assignee, against Oliver. He thereby waived any equity which he might otherwise have had, against Berry for the purchase money. If the land was lost to him it was so lost by his own neglect and laches, and he is estopepd to interpose any obstacle in the way of his assignee to make his money off of Oliver.

*Bush, Greer, for appellant.*

*D. H. Hughes, S. Hodge, for appellees.*